THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 5:09-CV-198 (CAR) |
| | : | |
| $22,010.00 IN UNITED STATES FUNDS | : | |
| | : | |
| Defendant Property, | : | |
| | : | |
| ERROLL BERNARD BELL | : | |
| | : | |
| Claimant. | : | |
| | : | |

### ORDER ON MOTION TO STRIKE THE AFFIDAVIT OF JOHN T. LYLE AND MOTION TO DISMISS COMPLAINT

Currently before the Court is Claimant Erroll Bernard Bell's Motion to Strike the Affidavit of John T. Lyle [Doc. 12] and Motion to Dismiss the Complaint and for Return of Property [Doc. 19]. The Government has filed respective Responses thereto. [Docs. 18 and 20]. After reviewing the Motions, the arguments of the parties, and the applicable law, the Court finds that the Government filed a properly pleaded Complaint for Forfeiture [Doc. 1]. Accordingly, Claimant's Motion to Strike the Affidavit of John T. Lyle [Doc. 12] and Motion to Dismiss the Complaint and for Return of Property [Doc. 19] are **DENIED**. Additionally, the Government's first request for an extension of discovery is granted, and the parties have an **additional forty-five (45) days** from the date of this Order to complete discovery.

### FACTUAL AND PROCEDURAL BACKGROUND

In the Complaint, the Government alleges the following: On December 12, 2008, Claimant

1

was pulled over for speeding and following too closely by an officer of the Twiggs County Sheriff's Office. The registered owner of the car was not present at the time of the stop. Claimant appeared very nervous; therefore, while the officer began writing the traffic citations, a deputy arrived with a dog trained to detect the odor of certain controlled substances ("K-9"). The deputy conducted a free air sweep of the vehicle, and the "K-9 gave a positive alert to an odor of illegal narcotics on the passenger side door and on the tailgate." [Doc. 1]. When placed inside the vehicle, the K-9 gave a positive alert to a fast food bag that contained $22,010.00. The money was thereafter detained for further investigation. Claimant stated that the money was from a recent car sale; however, the story was not confirmed after calling the alleged buyer. A search of Claimant's criminal record revealed a prior conviction for a narcotics violation.

The Complaint was verified by Special Agent John T. Lyle of the Drug Enforcement Administration. Based on the above facts, the Government alleges in the Complaint that the detained money is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act or proceeds traceable to such an exchange.

Claimant filed the current Motion to Strike the Affidavit of John T. Lyle, arguing that the Affidavit is deficient because it is not based on personal knowledge. Claimant then filed the Motion to Dismiss, arguing that the Complaint does not meet the initial pleading requirements. The Government filed a Response to each Motion contending that the Affidavit and Complaint are legally sufficient.

## DISCUSSION

**1.     Motion to Strike the Affidavit of John T. Lyle**

Claimant contends that John T. Lyle's Affidavit is deficient because it is not based on personal knowledge; however, personal knowledge is not required here. A complaint for forfeiture *in rem*, such as the one in this case, must be made in accordance with Supplemental Rule G(2) for Certain Admiralty or Maritime Claims. 18 U.S.C. § 983(a)(3)(A). Such complaints must be verified, and unsworn verifications are valid if made under the penalty of perjury pursuant to 28 U.S.C. § 1746. United States v. 8 Gilcrease Lane, Quincy Fla. 32351, 587 F. Supp. 2d 133 (D.D.C. 2008). Furthermore, unsworn verifications do not have to be based on personal knowledge but instead may be based on information and belief. Id. at 138.

In this case, Lyle's Affidavit is valid. First, Lyle's unsworn verification is made under "penalty of perjury," and second, his Affidavit states that "the statements contained therein are true to the best of my knowledge and belief." [Doc. 1]. See Cobell v. Norton, 291 F.3d 251, 260 (D.C. Cir. 2004) ("A declaration or certification that includes the disclaimer 'to the best of [my] knowledge, information or belief' is sufficient."). Thus, Lyle's unsworn verification is sufficient even though it is not based on personal knowledge. Accordingly, Claimant's Motion to Strike the Affidavit of John T. Lyle is **DENIED**.

    **2.    Motion to Dismiss Complaint**

In considering dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must accept the allegations set forth in the complaint as true and construe facts in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). However, the court is not required to accept the plaintiff's conclusions of law. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to

3

provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

On a motion to dismiss, the court's function is not to assess the veracity or weight of the evidence; instead, the court must merely determine whether the complaint is legally sufficient. See Sherman v. Helms, 80 F. Supp. 2d 1365, 1368 (M.D. Ga. 2000). Accordingly, the issue is whether the plaintiff is entitled to present evidence in support of his claims, not whether those claims will ultimately succeed. See Little v. City of N. Miami, 805 F.2d 962, 965 (11th Cir. 1986). Because this standard imposes such a heavy burden on the defendant, Rule 12(b)(6) motions are rarely granted. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007); Beck v. Deloitte & Touche, 144 F.3d 732, 735-36 (11th Cir. 1998).

The pleading requirements are modified in a civil action for forfeiture because the complaint must be made in accordance with Supplemental Rule G(2) for Certain Admiralty or Maritime Claims. ("Rule G(2)"). 18 U.S.C. § 983(a)(3)(A). Under Rule G(2), such a complaint must:

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and -- if different -- its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Rule G(2). "[N]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D).

Claimant contends that the Government's Complaint fails to meet Rule G(2)(f), or in other words, the Complaint does not allege facts sufficient to support a reasonable belief that the money was furnished or intended to be furnished in exchange for a controlled substance or traceable to such an exchange. A complaint for forfeiture is not required to set forth the alleged illegal activities in specific detail. See United States v. Mondragon, 313 F.3d 862, 865-66 (4th Cir. 2002) ("[T]he complaint must at bottom allege facts sufficient to support a reasonable belief that the property is subject to forfeiture."). In fact, complaints have been allowed even though they specified no date or location of any purported or intended unlawful dealings, no dollar amounts, and no specific types or quantities of contraband sold. United States v. Two Parcels of Real Property Located in Russell County, Ala., 92 F.3d 1123, 1127 (11th Cir. 1996).

In the Complaint, the Government alleges facts sufficient to support a reasonable belief that the money is subject to forfeiture. Although the presence of large quantities of cash, without more, does not suggest a connection of drug trafficking, the Government's Complaint alleges additional facts to suggest a connection to a criminal offense. United States v. $121,100.00 in U.S. Currency, 999 F.2d 1503, 1507 (11th Cir. 1993). Here, the Government alleges in the Complaint that Claimant was driving a borrowed car, Claimant appeared nervous, a K-9 gave a positive alert of illegal drugs, Claimant's story concerning the source of the money was not confirmed, and his criminal history revealed a prior narcotics conviction. These allegations are sufficiently detailed to support a reasonable belief that the money was furnished or intended to be furnished in exchange for a controlled substance or traceable to such an exchange. See United States v. $15,740.000 in U.S. Currency, No: 5:07-cv-375(HL), 2008 WL 2227511, *2 (M.D. Ga. May 27, 2008) (holding complaint sufficient where Government alleged facts such as claimant drove rented car, odor of

5

marijuana existed, large amount of cash was found, and source-of-money story was not confirmed). Therefore, the Government's Complaint is clearly sufficient under Rule G(2) to withstand a motion to dismiss.

Claimant also contends in his Motion to Dismiss that his Fourth Amendment rights were violated and that the Government violated the holding of a recent United States Supreme Court case. Because these allegations have no bearing on the Court's analysis of the Government's Complaint for purposes of the Motion to Dismiss, the Court will not address these arguments. Accordingly, Claimant's Motion to Dismiss the Complaint is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Claimant's Motion to Strike the Affidavit of John T. Lyle [Doc. 12] and his Motion to Dismiss the Complaint and for Return of Property [Doc. 19]. The Court hereby grants the Government's request for a discovery extension, which is the first in this case. Therefore, the parties have an **additional forty-five (45) days** from the date of this Order to complete discovery.

**SO ORDERED** this 18th day of March, 2010.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            United States District Judge

APG/ssh